IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19 CV 215 MR WCM

| | |
|---|---|
| WARDELL FINCHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW SAUL, ) <br> Acting Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND RECOMMENDATION |

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Summary Judgment (Docs. 13, 17), which have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Following a review of the record, the parties' briefs, and relevant legal authority, the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings be granted and the Commissioner's Motion for Summary Judgment be denied.

I. Procedural History

On April 7, 2015, Plaintiff Wardell Lamonte Fincher ("Plaintiff") filed applications for disability insurance benefits and supplemental security income benefits. Transcript of Administrative Record ("AR"), pp. 222-225 & 226-231. Plaintiff's claims were initially denied on May 21, 2015, and

1

subsequently upon reconsideration. AR pp. 86 & 87; 111 & 112. Plaintiff thereafter filed a written request for a hearing and a hearing was held on February 5, 2018, in Charlotte, North Carolina, where Plaintiff appeared and testified. AR pp. 35-66. Plaintiff was represented by counsel at the hearing.

On February 15, 2018, the Administrative Law Judge ("ALJ") issued an unfavorable decision. AR pp. 14-30. The Appeals Council denied Plaintiff's request for review of that decision on March 1, 2019. AR pp. 1-8.

On May 5, 2019, Plaintiff filed the instant action. See Doc. 1. Accordingly, Plaintiff exhausted his administrative remedies before timely filing this action and the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See, 20 C.F.R. § 404.981.[1]

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to apply a five-step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In this

---

[1] The Appeals Council's denial letter stated that Plaintiff had sixty (60) days from receipt of the March 1, 2019 letter to file a civil action and that the Administration would assume Plaintiff received the letter 5 days after March 1, 2019. AR p. 2. Plaintiff filed this suit sixty-five days after March 1, 2019.

2

process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant throughout the first four steps of this five-step process to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant is capable of performing other work, considering the claimant's RFC, age, education, and past work experience. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision and Plaintiff's Allegation of Error

In his February 15, 2018 Decision, the ALJ found that Plaintiff had the severe impairments of "history of bilateral hand injuries with surgical intervention, osteoarthritis of the right knee, diabetes mellitus, schizophrenia,

3

bipolar disorder, and alcohol and substance abuse disorder." AR p. 19. With respect to Plaintiff's mental impairments, the ALJ found that Plaintiff had moderate limitations in the areas of "understanding, remembering, or applying information," "interacting with others," and "concentrating, persisting, or maintaining pace." AR pp. 20-21. The ALJ further found that Plaintiff had the RFC to perform light work (with certain additional limitations) and was

> limited to simple and routine tasks, with simple work-related decisions and only occasional changes in a routine work setting. He can have only occasional interaction with coworkers and supervisors, and no interaction with the general public. Moreover, he is expected to miss work one day every two months, due to symptoms or treatment for his severe impairments.

AR pp. 21-22.

Utilizing this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work, but that Plaintiff could perform other work such that Plaintiff was not disabled from October 1, 2007 (the alleged disability onset date) through February 15, 2018 (the date of the ALJ's Decision). AR p. 30.

## IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applied the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th

Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis

Plaintiff's only allegation of error is that the ALJ failed to account sufficiently for Plaintiff's moderate limitations in concentration, persistence, or pace. Doc. 14, p. 8.[2] As described above, Plaintiff's RFC limited him to "simple and routine tasks, with simple work-related decisions and only occasional changes in a routine work setting," "occasional interaction with coworkers and supervisors, and no interaction with the general public," and

---

2 Plaintiff does not challenge the RFC "insofar as it finds exertional limitations." Doc. 14, p. 8, n. 1.

5

found that Plaintiff was "expected to miss work one day every two months" due to symptoms or treatment.[3]

There is not "a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). Rather, "'[t]he inquiry, as is usually true in determining the substantiality of evidence, is case-by-case.'" Shinaberry, 952 F.3d at 121 (quoting Biestek v. Berryhill, ⸺ U.S. ⸺, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

If an ALJ finds that a moderate limitation at step three does not result in additional limitations to a claimant's RFC, however, "the ALJ must properly explain in the decision why such moderate limitations do not translate into a limitation in the RFC." Hoyle v. Berryhill, 5:16cv146-MR-DLH 2017 WL 3842140, at * 3 (W.D.N.C. Aug. 16, 2017) *recommendation adopted*, 2017 WL 3840276; see also Howard v. Saul, No. 3:19-cv-531-KDB, 2020 WL 2199629, at * 3-4 (W.D.N.C. May 6, 2020) ("So long as the ALJ does not ignore the claimant's limitation in concentration, persistence, or pace and explains why

---

3 It is not clear whether the ALJ intended this last limitation (i.e., that Plaintiff would miss work one day every two months) to pertain to the symptoms and treatment associated solely with Plaintiff's mental impairments or to Plaintiff's physical impairments as well. In any event, the ALJ does not explain the basis upon which he determined Plaintiff would miss one day of work every two months.

6

further limitations in the RFC are not warranted, the ALJ satisfies his duty under Mascio.")

Further, "an ALJ cannot summarily 'account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work' because 'the ability to perform simple tasks differs from the ability to stay on task.'" Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020) (quoting Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015)).  Similalry, "an RFC limited to simple, routine tasks or unskilled work in a low stress or non-production environment, without more…fails to adequately account for moderate limitations in concentration, persistence, and pace." Chesterfield v. Saul, 1:19-cv-90-MR, 2020 WL 249453, at * 3 (W.D.N.C. Jan. 15, 2020) (RFC which limited a claimant to working "with things rather than people" while in a "low stress, low production environment" where claimant only worked "with coworkers and supervisors on an occasional basis" was insufficient to account for the claimant's moderate limitations in concentration, persistence, and pace) (citing Davis v. Saul, No. 3:18-CV-00367-MR, 2019 WL 4233553, at *3 (W.D.N.C. Sept. 5, 2019) (citing Williams v. Berryhill, No. 1:16-CV-00064-MR, 2017 WL 927256, at *6 (W.D.N.C. Mar. 8, 2017)); see also, Biddell v. Colvin, No. 1:15-cv-00080-MOC, 2016 WL 815300, at *5-6 (W.D.N.C. Feb. 29, 2016) (finding that an RFC limiting the plaintiff "to simple, routine, repetitive tasks involving only one to three step instructions,

a non-production pace, occasional contact with the public, no intense interaction with supervisors and coworkers, in a setting with no confrontation or brainstorming and dealing with things and not people" did not account for moderate limitations in concentration, persistence, and pace).

Here, the ALJ found that Plaintiff had moderate limitations in the area of concentrating, persisting, or maintaining pace. AR p. 21. In considering Plaintiff's mental functional capacity, the ALJ assigned "significant weight" to the opinions of two state agency consultants, Dr. Jacquelyn Harrison and Dr. Darolyn Hilts. See AR pp. 26-27. Both doctors provided detailed function by function assessments of Plaintiff's abilities in the area of concentration, persistence, and pace.[4]

An ALJ may properly rely on function by function assessments conducted by state agency consultants when developing a claimant's RFC. See SSR 96-6p, 1996 WL 374180, at * 2 (July 2, 1996) (State agency consultants

---

4 Both Dr. Harrison and Dr. Hilts found that Plaintiff had no significant limitation in his ability to carry out very short and simple instructions, sustain an ordinary routine without special supervision, and make simple work-related decisions. AR pp. 82 & 97. However, both doctors also found that Plaintiff had moderate limitations in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule and maintain regular attendance, work in coordination with or in proximity to others without being distracted by them, and "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Id. Both concluded that Plaintiff's mental impairments limited him to "short, simple tasks." AR pp. 82 & 98.

8

Case 3:19-cv-00215-MR-WCM    Document 22    Filed 05/22/20    Page 8 of 11

"are highly qualified…physicians and psychologists who are experts in the evaluation of medical issues in disability claims…."); Tanner v. Commissioner of Social Security, 602 Fed. Appx. 95, 101 (4th Cir. 2015) (unpubl.) ("[a] 'non-examining physician's opinion cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted *by all of the other evidence in the record*[,]' 'the testimony of a nonexamining physician can be relied upon when it is consistent with the record.'") (quoting Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986) (emphasis in Smith)).

However, Plaintiff's RFC is not sufficiently supported by the function by function assessments completed by Drs. Hilts and Harrison. Specifically, although the ALJ states that Dr. Hilts concluded that Plaintiff could "sustain attention to simple tasks for extended periods" and could "maintain a work pace consistent with mental demands," AR p. 27, both Dr. Hilts and Dr. Harrison determined that Plaintiff was moderately limited in both his ability to maintain attention and concentration for extended periods and his ability to "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." AR pp. 82 & 98. The ALJ did not appropriately account for these opinions, despite assigning significant weight to them. Consequently, remand is necessary so that the ALJ may further consider and explain the impact of Plaintiff's mental limitations

9

on his ability to engage in sustained work activity.

## VI. Recommendation

Considering the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 13) be granted and that the Commissioner's Motion for Summary Judgment (Doc. 17) be denied.

Signed: May 21, 2020

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).